# Exhibit A

Case 4:20-cv-04330   Document 1-1   Filed on 12/22/20 in TXSD   Page 2 of 11

11/23/2020 10:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48331652
By: D Burton
Filed: 11/23/2020 10:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CHRISTOPHER VAN BRUMMEN § | | IN THE DISTRICT COURT OF |
| *Plaintiff,* § | | |
| § | | |
| V. § | | HARRIS COUNTY, TEXAS |
| § | | |
| § | | |
| HESS CORPORATION § | | |
| *Defendants.* § | | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Christopher Van Brummen (hereinafter "Plaintiff" and/or "Mr. Van Brummen") and submits this, his *Original Petition*. In support thereof and for cause of action, Plaintiff respectfully shows this Honorable Court as follows:

I.
DISCOVERY-CONTROL PLAN

1. Mr. Van Brummen intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Mr. Van Brummen seeks monetary relief over $100,000.

## II.
## CLAIM FOR RELIEF

2. At this time, Mr. Van Brummen seeks monetary relief over $1,000,000. *See* TEX. R. CIV. P. 47(c)(5).

## III.
## PARTIES

3. Mr. Van Brummen is an individual and resident of Harris County, Texas.

4. Defendant Hess Corporation ("Hess") is a foreign corporation doing business in Texas and may be served with process by serving its registered agent for service, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.
## VENUE & JURISDICTION

5. Venue is proper in Harris County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

6. The amount in controversy in this lawsuit exceeds the minimum jurisdictional limits of this Court.

## V.
## FACTUAL BACKGROUND

7. Mr. Van Brummen is fifty-nine (59) years old and is thus a member of the class protected by federal and state laws that prohibit age discrimination in

employment. Hess discriminated against Mr. Van Brummen based upon his age and retaliated against him for reporting harassment by his superior, Barbara Lowery-Yilmaz ("Ms. Lowery-Yilmaz").

8. Hess and Ms. Lowery-Yilmaz have engaged in a pattern of replacing older workers with younger counterparts, despite good to outstanding performance ratings, and by taking no interest in the aspirations or role development of males over the age of 50. Ms. Lowery-Yilmaz and Hess do not value older male workers and they engage in a pattern of demotion and harassment in an attempt to rid Ms. Lowrey-Yilmaz's department of them.

9. Mr. Van Brummen was hired by Hess in 2014 and served as the Director of Exploration for Guyana from 2014-2018. In his role as a Director of Exploration, he managed over twenty (20) Hess employees. He received regular pay raises, employee awards, and nearly perfect performance evaluations every year of his employment. Mr. Van Brummen was instrumental in positioning Hess for its successful exploration and appraisal program in Guyana, which resulted in fifteen (15) discoveries of approximately 8 billion barrels of oil; a level of unprecedented success in the industry over the last 10 years.

10. Ms. Lowery-Yilmaz was Mr. Van Brummen's Senior Vice President, and in that role she engaged in a pattern of harassment and discrimination against Mr. Van Brummen, *to wit*:

- October 2018 - Google AI project. As one of the staff members originally chosen to coordinate this project, Mr. Van Brummen undertook to carefully examine the opportunities and shortcomings of the contractor to Hess' best interests. Ms Lowery-Yilmaz was heavily invested in the service being offered by Google.  One of her mentees was the VP of this department at Google. Mr. Van Brummen reported by email that that technical expertise of Google was lacking and would hamper the development of AI at Hess. He was immediately removed from the project and a younger staff member replaced him.

- In October 2018, Mr. Van Brummen had a professional disagreement with Ms. Lowery-Yilmaz in relation to certain exploration possibilities for Hess at a meeting where the President of Hess, Greg Hill, was present.  This was a surprise to Ms. Lowery-Yilmaz and she exhibited barely contained fury at his having mentioned the idea in front of executive management. After the meeting she further belittled Mr. Van Brummen in front of his manager, Tim Chisholm.  Following this disagreement, she engaged in a witch hunt and undertook to make Mr. Van Brummen's professional life miserable. She didn't speak to him for four months.

- In early 2018, having been directed to do so by Ms. Lowery-Yilmaz, Mr. Van Brummen initiated a data transfer to Hess' partners, Kosmos and Chevron, in relation to a license Hess owned in the adjacent country to Guyana, Suriname. On informing Ms. Lowery-Yilmaz of the progress of this task, she became obviously angry and in front of peers treated Mr. Van Brummen in an aggressive bullying manner.

- In April 2019, at a management conference, Mr. Van Brummen reported to John Hess, CEO of Hess, that the exploration department was working in a climate of fear under Ms. Lowery-Yilmaz.  The harassment and bullying increased thereafter.

11.     On August 5, 2019 Ms. Lowery-Yilmaz had Mr. Van Brummen transferred out of the Exploration group and into an undefined role that *might have been* in the Production organization.  In fact, there was no role in Production for him. When Mr. Van Brummen inquired as to what his new job was, Human Resources

told him to "[b]e grateful you have a role at all" and "[Ms. Lowery-Yilmaz] is waiting to see what you make of it". Mr. Van Brummen was told to report to the Vice President of Strategy and to busy himself with occasional project reviews as and when they might be needed. His new role had no responsibilities, no direct reports, and no progression path. Mr. Van Brummen quickly learned that the goal was to force him to terminate his employment with Hess.

12. However, even a demotion to a job with no responsibilities did not prevent Ms. Lowery-Yilmaz's constant bullying and harassment. Mr. Van Brummen reported Ms. Lowery-Yilmaz's bullying, harassment, and hostile work environment to Eric Walker, Director of Human Resources, and Kendra Wright in Human Resources on three occasions between August 2019 and December 2019. No action was taken in relation to these complaints.

13. In December of 2019, Mr. Van Brummen was called into the Human Resources office and informed that an allegation of sexual harassment had been made against him. He was told that regardless of the outcome of the investigation, he would not be fired and, at worst, he would be provided an opportunity to resign. This was not the case. Mr. Van Brummen was terminated the next day. He was not offered any severance. His pension was severely and negatively impacted. His health benefits were terminated, and no Consolidated Omnibus Budget

Certified Document Number: 93213037 - Page 5 of 9

Reconciliation Act ("COBRA") medical coverage was made available to his family and is as required under COBRA and other applicable federal employment statutes.

14. Hess had no legitimate, non-discriminatory reason for terminating Mr. Van Brummen.

## VI.
## CAUSES OF ACTION

A.  *AGE DISCRIMINATION (Texas Labor Code §§ 21.051, 21.125)*

15. Mr. Van Brummen incorporates by reference all prior paragraphs as if fully set forth herein.

16. Mr. Van Brummen belonged to a protected age class. When Hess fired him, Mr. Van Brummen was 59 years old. Hess then replaced him with a new hire who was significantly younger and less qualified.

17. Mr. Van Brummen suffered adverse employment actions. First, Hess demoted him to a lower-paid useless position, abandoned plans to advance his career, and then fired him entirely.

18. Mr. Van Brummen was qualified to serve as Director of Exploration for Guyana from 2014-2018. He received regular pay raises, employee awards, and nearly perfect performance evaluations every year of his employment. He was instrumental in positioning Hess for its successful exploration and appraisal program in Guyana, which resulted in 15 discoveries of approximately 8 billion barrels of oil.

Certified Document Number: 93213037 - Page 6 of 9

19. Mr. Van Brummen's age was a motivating factor in Hess's decisions to demote, and fire Mr. Van Brummen. Hess's excuses for its conduct are pretextual.

20. Hess's violations caused damages to Mr. Van Brummen. Mr. Van Brummen seeks back pay, future lost wages, and damages for past and future emotional pain, suffering, inconvenience, and mental anguish.

21. Hess engaged in its discriminatory practices with malice or with reckless indifference to the state-protected rights of the aggrieved individual. As a result, Mr. Van Brummen further seeks exemplary damages. As provided by the Texas Labor Code, Mr. Van Brummen seeks attorneys' fees and costs.

B. RETALIATION *(Texas Labor Code § 21.055)*

22. Mr. Van Brummen incorporates by reference all prior paragraphs as if fully set forth herein.

23. Mr. Van Brummen alerted Hess to his reasonable belief that unlawful discrimination was taking place and opposed discriminatory practices.

24. Mr. Van Brummen suffered adverse employment actions. Hess first demoted him to a lower-paid position and then fired him entirely.

25. Hess retaliated and discriminated against Mr. Van Brummen because of his protected conduct in making a complaint of discrimination and opposing a discriminatory practice.

26. Hess's excuses for its conduct are pretextual.

27. Hess's violations caused damages to Mr. Van Brummen. Mr. Van Brummen seeks back pay, future lost wages, and damages for past and future emotional pain, suffering, inconvenience, and mental anguish.

28. As provided by the Texas Labor Code, Mr. Van Brummen seeks attorneys' fees and costs.

29. Hess engaged in the discriminatory and retaliatory practices with malice or with reckless indifference to the state-protected rights of the aggrieved individual. As a result, Mr. Van Brummen further seeks exemplary damages.

## VIII.
## CONDITIONS PRECEDENT

30. Pursuant to Texas Rule of Civil Procedure 54, all conditions precedent were performed or have occurred.

## IX.
## REQUEST FOR DISCLOSURE

31. Under Texas Rule of Civil Procedure 194, Mr. Van Brummen requests Hess disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Christopher Van Brummen respectfully prays that the Court to enter a judgment in his favor, awarding him back pay, front pay, all damages sought, court fees and costs, attorneys' fees,

expert fees, and litigation expenses, pre- and post-judgment interest thereon, and all other relief to which Plaintiff is entitled in equity or law.

Respectfully submitted,

HENKE, WILLIAMS & BOLL LLP

*/s/ Charlie Henke*
CHARLIE HENKE
State Bar No. 00784254
CHenke@HenkeLawFirm.com
KATHLEEN H. BOLL
State Bar No. 00798431
KBoll@HenkeLawFirm.com
2929 Allen Parkway, 39th Floor
Houston, Texas 77019
Telephone:  (713) 940-4500
Facsimile:   (713) 940-4545

COUNSEL FOR PLAINTIFF
CHRISTOPHER VAN BRUMMEN



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 7, 2020


Certified Document Number:        93213037 Total Pages:  9

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**